# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**DOUGLAS MCDANIEL,**

    **Plaintiff,**

**vs.**                                               **No. CIV 00-1467 LCS**

**STATE OF NEW MEXICO,**

    **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** came before the Court on Plaintiff's Notice of Removal, filed October 23, 2000. The United States Magistrate Judge, having reviewed the record, relevant authorities, and being otherwise fully advised, finds that Plaintiff's Notice of Removal is not well-taken and recommends that this matter be remanded to the Third Judicial District Court, County of Doña Ana, State of New Mexico.

### PROPOSED FINDINGS

1. Plaintiff seeks to remove a criminal case, Nos. CR-2000-863, from the Third Judicial District Court, County of Doña Ana, State of New Mexico under 28 U.S.C. § 1443 (1) and (2). This statute provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any such person who is denied or cannot enforce in the courts of such State and right under any law providing for the equal civil right of citizens of the United States, or of all persons within the jurisdiction thereof;

    (2)    For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443 (1) and (2).

2.    The procedure for removal of a criminal action under 28 U.S.C. § 1443 is governed by 28 U.S.C. §1446(c). If it clearly appears in the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand. *See* 28 U.S.C. § 1446 (c)(4).

3.    "[S]ubsection [two] of the removal statute if available only to federal officers and persons assisting such officers in the performance of the official duties." *City of Greenwood v. Peacock*, 384 U.S. 808, 815 (1966). Because Plaintiff does not claim to be a federal officer or a person assisting such officers in the performance of the official duties, removal should not be permitted under 28 U.S.C. § 1443 (2).

4.    In order to satisfy the requirements 28 U.S.C. § 1443 (1), Plaintiff must satisfy a two-pronged test. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). First, Plaintiff must identify a right allegedly denied that arises under a federal law providing for specific civil rights. *See Georgia v. Rachel*, 394 U.S. 780, 788 (1966). Second, Plaintiff must establish that he is being denied or cannot enforce that right in the state courts. *See id.* Because it clearly appears that Plaintiff's removal notice fails to satisfy the requirements of 28 U.S.C. § 1443(1), this matter should be remanded pursuant to 28 U.S.C. § 1446 (c)(4). In the alternative, as the requirements of 28 U.S.C. § 1443 (1) and (2) have not been met, this case should be remanded for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447 (c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

## RECOMMENDED DISPOSITION

I recommend that this case be remanded to the Third Judicial District Court, County of Doña Ana, State of New Mexico.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. §636(b)(1)(C), file written objections to such proposed findings and recommended disposition with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**